[No. 42519.  Department One.  October 26, 1972.]

KENT ARNIE GARDNER, *Petitioner*, v. SYDNEY SMITH *et al.*, *Respondents*.

*J. P. Tonkoff* (of *Tonkoff, Dauber & Shaw*), for petitioner.

*Slade Gorton, Attorney General,* and *Stephen G. Jamieson, Assistant,* for respondents.

FINLEY, J.—Petitioner was convicted in Yakima County Superior Court of indecent and obscene exposure of his person to a female child under 15 years of age, in violation of RCW 9.79.080(2). He was sentenced to 20 years in the state penitentiary. The Board of Prison Terms and Paroles fixed his minimum term at 3½ years.

In his application for writ of habeas corpus, petitioner contends that this sentence constitutes a violation of equal protection of the laws, asserting that for the same act, under the same circumstances, the prosecutor may charge an alleged offender with either a felony under RCW

9.79.080 (2), or a gross misdemeanor under RCW 9.79.120. In support of this contention, he relies upon *Olsen v. Delmore*, 48 Wn.2d 545, 550, 295 P.2d 324 (1956) wherein this court held in part as follows:

> A statute which prescribes different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations is violative of the equal protection clause of the fourteenth amendment of the United States constitution.

The two statutes under consideration in this case both involve the crime of indecent or obscene exposure; they are, however, dissimilar in one major respect (other than the degree of severity in the penalty). Under RCW 9.79.120, it is a gross misdemeanor for one to "make any open and indecent or obscene exposure of his person," while under RCW 9.79.080 (2)—the felony statute—the indecent exposure must be made in the presence of "any child under the age of fifteen years." Since RCW 9.79.080 (2) specifically defines the age limits of victims of the offense, the prosecutor must charge under this statute and has no discretion to charge an offender under RCW 9.79.120 where the victim is under the age of 15 years. *Cf. State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960). Because these two statutes require distinctly different circumstances for charging the commission of the act of indecent or obscene exposure, the statutes and appropriate charges under them are not violative of the equal protection clause of the fourteenth amendment to the United States Constitution.

The petition for a writ of habeas corpus is denied.

HUNTER, HALE, NEILL, and STAFFORD, JJ., concur.