[No. 1352-2.     Division Two.     April 9, 1974.]

THE STATE OF WASHINGTON, *Petitioner,* v. STEPHEN WAYNE EISENSHANK, *Respondent.*

*John C. Merkel, Prosecuting Attorney,* and *Warren K. Sharpe, Deputy,* for petitioner.

*William Fraser,* for respondent.

PETRIE, J.—By amended information, the state charged the defendant with 16 counts of indecent exposure; nine counts for violation of RCW 9.79.080(2); and seven counts for violation of RCW 9.79.120. Defendant moved to dismiss the information on two alternative theories: (1) the two statutes permit an unconstitutional prosecutorial discretion to charge either a felony or a gross misdemeanor for the commission of the same act under the same circumstances; and (2) several of the counts allege the same act committed at the same time in the presence of separately identified individuals. The trial court refused to dismiss the information on the first theory, but did require the state to elect from among the several counts in which the only distinguishing factual allegation was the identity of the individual persons in whose presence the exposure occurred. The state and the defendant have each sought review of the trial court's decision by cross petitions filed in this court.

In his cross petition, the defendant contends that RCW 9.79.080(2) and RCW 9.79.120 permit the possibility of prosecution for felony or for gross misdemeanor for precisely the same act by reason of the italicized portions of the two statutes:

RCW 9.79.080(2):

> *Every person who* takes any indecent liberties with or on the person of any child under the age of fifteen years, or *makes any indecent or obscene exposure of his person,* or of the person of another, whether with or without his or her consent, *shall be guilty of a felony,* and shall be

punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year.

RCW 9.79.120:

*Every person who shall* lewdly and viciously cohabit with another not the husband or wife of such person, and every person who shall be guilty of open or gross lewdness, or *make any open and indecent or obscene exposure of his person, or of the person of another, shall be guilty of a gross misdemeanor.*

(Italics ours.)

■ The defendant's contention would indeed present arguable merit if this were a matter of first impression in this jurisdiction. However, it has been determined definitively that the felony statute applies when, and only when, the person before whom the exposure takes place is "under the age of fifteen years." *State v. Kosanke,* 23 Wn.2d 211, 160 P.2d 541 (1945); *Gardner v. Smith,* 81 Wn.2d 365, 502 P.2d 333 (1972). Hence, the two statutes, while superficially repugnant on their face, are really compatible with each other. The defendant remonstrates that in the two prior attempts to place these two statutes in juxtaposition with one another the Supreme Court has failed to fully appreciate that under RCW 9.79.080(2) the victim of the crime of indecent *liberties* must be "under the age of fifteen years," but not so when the crime is indecent *exposure.* We disagree.

As we view *Kosanke* and *Gardner,* the Supreme Court has rather deliberately and intentionally placed an interpretation upon the two potentially errant statutes which preserves their constitutionality. Every portion of subsection (2) of RCW 9.79.080 applies when, and only when, the "victim" of the indecent act is "under the age of fifteen years."

The state contends, in its petition, that the trial court erred by requiring the prosecution to elect one count only from among the several in which the act occurred at one time in the presence of several persons. Again, we disagree.

924

■ Analysis of this question requires that we examine the elements of the crime of indecent exposure. The essence of the crime is the lascivious exhibition of those private parts of the person which instinctive modesty, human decency, or common propriety require shall be customarily kept covered in the presence of others. *State v. Galbreath,* 69 Wn.2d 664, 419 P.2d 800 (1966). The offensive exhibition in the presence of another constitutes a crime against morality and decency, not necessarily an assault or a personal offense against the individual in whose presence the exhibition takes place. Creation of a sense of shame or other distressing emotion is not an essential element of the crime. *State v. Galbreath, supra.* It is sufficient if the acts are such that the common sense of society would regard the specific act performed as indecent and improper. *State v. Moss,* 6 Wn.2d 629, 108 P.2d 633 (1940).

Thus, although competent authority has decreed that the punishment inflicted may be severely increased when the act takes place in the presence of a child of tender years, the effect of the act upon the child or other person is immaterial toward establishing the guilt or innocence of the actor. *State v. Winger,* 41 Wn.2d 229, 248 P.2d 555 (1952).

We hold that the crime is completed when the inappropriate exhibition takes place in the presence of another. Although the crime may be treated differently because of the age of the "victim," one crime only is committed whether the act takes place in the presence of one or one hundred persons within the specified age group.

The cross petitions are granted and relief requested in each instance is denied. The trial court's order is affirmed in all respects.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petitions for rehearing denied May 8 and 14, 1974.

Review denied by Supreme Court July 29, 1974.