47 P.3d 184 (2002)
112 Wash.App. 122
STATE of Washington, Appellant,
v.
Steven J. SNEDDEN, Respondent.
No. 20177-5-III.
Court of Appeals of Washington, Division 3, Panel Five.
June 4, 2002.
*185 Kevin M. Korsmo, Deputy Prosecuting Attorney, Spokane, Counsel for Appellant.
John H. Whaley, Assistant Public Defender, Spokane, Counsel for Respondent.
BROWN, C.J.
Today we decide whether indecent exposure is a crime against a person so as to support a burglary charge. It is. Accordingly, we reverse the trial court's dismissal of three burglary counts filed against Steven J. Snedden and remand.

FACTS
Mr. Snedden walked into the Foley Library on the Gonzaga University (GU) campus on September 14, 2000, exposed himself to a female student, and began to masturbate. The victim reported the incident to the campus authorities. The next day the victim again saw Mr. Snedden in the library. She immediately reported him to a GU security officer who contacted Mr. Snedden. Mr. Snedden admitted he was not a GU student. The officer issued a trespass citation and told Mr. Snedden to leave the university grounds and never come back.
On January 30, 2001, Mr. Snedden allegedly exposed himself to a female student in the Foley Library basement. On February 1, Mr. Snedden again allegedly exposed himself and masturbated in front of two female students in the Foley Library on the GU campus. On February 11, one of the women involved in the February 1 incident again saw Mr. Snedden in the library sitting in the same position as before. The student immediately reported him to a GU security officer. After GU security contacted the Spokane Police, Mr. Snedden was arrested.
Supported by a statement of probable cause, Mr. Snedden was charged in Spokane County Superior Court with indecent exposure for the September 14, 2000 incident, which he pleaded guilty to, and three counts of second degree burglary based upon the January 30, 2001, February 1, and February 11 events. Mr. Snedden has an extensive criminal history including 15 indecent exposure *186 charges in four different states, with most charges resulting in conviction.
Pursuant to State v. Knapstad, 107 Wash.2d 346, 352, 729 P.2d 48 (1986), the trial court dismissed the burglary charges for two reasons. First, in May 2001 it found "[t]he defendant entered a building not for the purpose of committing a crime against [a] person or property, rather a crime against morality." Clerks Papers (CP) at 39. Second, in June 2001 it assumed the term "`crime against person'" in the burglary statute was ambiguous in the context of these facts and invoked the rule of lenity. CP at 53. The State appeals.

ISSUE
The issue is whether the trial court erred by dismissing the burglaries on a Knapstad motion and concluding indecent exposure was not a crime against a person.

ANALYSIS
Second degree burglary requires proof that the accused, with intent to commit a crime against a person or property therein, entered or remained unlawfully in a building other than a vehicle or a dwelling. RCW 9A.52.030(1). The State concedes no crime against property exists. Thus, our sole focus is whether indecent exposure is a crime against a person.
"The meaning of a statute is a question of law reviewed de novo." Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002) (citing State v. Breazeale, 144 Wash.2d 829, 837, 31 P.3d 1155 (2001); State v. J.M., 144 Wash.2d 472, 480, 28 P.3d 720 (2001)). When interpreting a statute, our goal is to give effect to the Legislature's intent. Dep't of Ecology, 146 Wash.2d at 9, 43 P.3d 4. In the absence of a specific statutory definition, a reviewing court is to assign the words in a statute their ordinary meaning. State v. Silva, 106 Wash. App. 586, 591, 24 P.3d 477, review denied, 145 Wash.2d 1012, 37 P.3d 291 (2001). In construing a statute a reviewing court should carefully consider the subject matter involved, the context in which the words are used and the purpose of the particular statute. Id. at 592, 24 P.3d 477.
The trial court may dismiss a charge when the State's pleadings, including any bill of particulars, fail to support a prima facie showing of all the elements of the crime charged. Knapstad, 107 Wash.2d at 352, 729 P.2d 48. The standard of review for a Knapstad motion and a challenge to the sufficiency of the evidence are similar. An appellate court will uphold the trial court's dismissal of a charge pursuant to a Knapstad motion if no rational finder of fact could have found beyond a reasonable doubt the essential elements of the crime. State v. Wilhelm, 78 Wash.App. 188, 191, 896 P.2d 105 (1995).
First, the State argues the trial court erred by considering "bodily injury" was required in order for a crime to be committed against a person. Mr. Snedden argues because no physical injury occurred to any of the alleged victims, the trial court properly dismissed the burglary charges. But, no bodily injury is required. For example, mere apprehension may support assault as the intended crime in a burglary case. See State v. Byrd, 125 Wash.2d 707, 712-13, 887 P.2d 396 (1995) (assault is committed merely by putting another in apprehension of harm).
Second, in any burglary prosecution, if a person enters or remains unlawfully in a building, it may be inferred that the person acted with intent to commit a crime against a person or property, "unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent." RCW 9A.52.040. The inference is permissive rather than mandatory. State v. Brunson, 128 Wash.2d 98, 107, 905 P.2d 346 (1995). The standard of proof regarding a permissive inference is more likely than not. Id. Mr. Snedden offered no reason for trespassing in the GU library and, in fact, did not deny that he committed or attempted to commit the crime of indecent exposure on all three occasions. Accordingly, the court should have allowed the State the permissive inference called for.
Third, the parties spend considerable effort explaining the meaning of the *187 phrase "a crime against a person" found in the second degree burglary statute. The State properly notes the term "person" is defined in RCW 9A.04.110. A person is both a natural person as well as certain artificial entities. RCW 9A.04.110(17). The phrase "a crime against a person" is not otherwise defined by the criminal code. But, a plain and ordinary definition of the phrase "a crime against a person" encompasses an offense involving unlawful injury or threat of injury to the person or physical autonomy of another. State v. Barnett, 139 Wash.2d 462, 469, 987 P.2d 626 (1999).
Further, the victims of the alleged indecent exposures are persons who have alleged resulting affront and alarm. "A person is guilty of indecent exposure if he intentionally makes any open and obscene exposure of his person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1). Logically, only a live person can be affronted or alarmed by another's conduct. In Barnett, the court's reasoning was based on the common sense approach "that an armed first degree burglar who neither injures nor threatens to injure another person does not commit a crime against another person." Barnett, 139 Wash.2d at 470, 987 P.2d 626. Given all, we conclude no ambiguity exists in the context here.
Last, Mr. Snedden convinced the trial court indecent exposure was merely a crime against morality, not a crime against a person. However, it is undisputed that the State has named the victims of Mr. Snedden's alleged indecent exposure conduct who claim affront and alarm. While morality may play a role in legislative policy-making regarding what it defines as criminally proscribed conduct, by using the term "indecent" it certainly subsumed the concept of morality leaving the question of indecency for the fact-finder.
In sum, it is not disputed the named victims were in the GU library and in Mr. Snedden's presence when the alleged acts of indecent exposure occurred. Evidence exists that Mr. Snedden's conduct caused the victims affront and alarm. Finally, it is undisputed Mr. Snedden was trespassing in the GU library on the three burglary dates. These averred facts made out a prima facie case for indecent exposure sufficient to defeat Mr. Snedden's Knapstad motion. Therefore, the trial court erred when granting Mr. Snedden's Knapstad motion and dismissing the burglary charges.
Reversed and remanded for trial.
SCHULTHEIS and KURTZ, JJ., concur.
SCHULTHEIS, J. (dissenting).
I agree with the majority's conclusion that the facts averred by the State set forth a prima facie case for indecent exposure. However, this appeal concerns the dismissal of the three counts of second degree burglary of which Steven Snedden was also charged. Under the facts of this case, to survive the Knapstad[1] motion the State had to provide proof that Mr. Snedden intended to commit "a crime against a person" while he remained unlawfully in the campus library. RCW 9A.52.030(1). Because the State was unable to do so, the burglary charges were properly dismissed. For that reason, I respectfully dissent.
As I interpret the law, Mr. Snedden's act of exposing himself in a public area does not constitute "a crime against a person," a term that is not defined in the criminal code. However, as noted by the majority, the term was recently defined in State v. Barnett, 139 Wash.2d 462, 987 P.2d 626 (1999). The trial court, relying on the Barnett definition, determined some type of bodily injury or threat of bodily injury is required in order for a crime to be committed against a person. Id. at 469, 987 P.2d 626 (definition of crime against a person encompasses offense involving unlawful injury or threat of injury to person or physical autonomy of another). The majority, citing State v. Byrd, 125 Wash.2d 707, 712-13, 887 P.2d 396 (1995), disagrees stating: "mere apprehension may support assault as the intended crime in a burglary case." Majority at 186. The Byrd case involved an improper jury instruction defining assault. Byrd, 125 Wash.2d at 710-11, *188 887 P.2d 396. It does not state or even imply that actual or threatened bodily injury is not required in order for someone's actions to constitute a crime against a person. As noted above, case law clearly holds otherwise.
The crime of indecent exposure does not directly involve injury or threat of injury. "A person is guilty of indecent exposure if he intentionally makes any open and obscene exposure of his person ... knowing that such conduct is likely to cause reasonable affront or alarm." Former RCW 9A.88.010(1)(1990).
The majority reasons that because on each occasion there were human victims of (or witnesses to) Mr. Snedden's episodes of indecent exposure, the conduct was logically a crime against a person. Without a doubt the victims here were affronted and/or alarmed when they witnessed Mr. Snedden's criminal conduct. Nevertheless, under the rule set forth in Barnett, the fact remains the victims did not incur bodily injury nor was their physical autonomy threatened. Accordingly, I find that Mr. Snedden's conduct is not a crime against a person as required by the burglary statute. I would affirm the trial court's dismissal of the second degree burglary charges.
NOTES
[1] State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986).