73 P.3d 995 (2003)
149 Wash.2d 914
STATE of Washington, Respondent,
v.
Steven J. SNEDDEN, Petitioner.
No. 72896-8.
Supreme Court of Washington, En Banc.
Argued March 27, 2003.
Decided August 7, 2003.
John Hunt Whaley, Assist Public Defender, Spokane, for petitioner.
Kevin Michael Korsmo, Deputy, Spokane, for respondent.
FAIRHURST, J.
This case involves an interpretation of whether the crime of indecent exposure can serve as the predicate crime for second degree burglary. To serve as the predicate crime for second degree burglary, the perpetrator must act "with [the] intent to commit a crime against a person...." RCW 9A.52.030. Steven J. Snedden made three indecent exposures and one attempted indecent exposure on the premises of Gonzaga University's Foley Center Library (hereinafter Foley Library). Two of the three exposures and the attempted exposure were done while trespassing. Because unlawful entry is a requirement of second degree burglary, only the exposures coupled with trespass are at issue. Mr. Snedden targeted female students studying alone in remote areas of the Foley Library. He exposed himself to the students, masturbated in their presence, and *996 maintained eye contact with his victims throughout the encounters. We hold that the crime of indecent exposure is a valid predicate crime for second degree burglary because it requires knowledge that the obscene conduct is likely to cause a reasonable affront or alarm and only a person could be affronted or alarmed by this obscene conduct. We affirm the Court of Appeals.

FACTS
On September 14, 2000, Mr. Snedden made his first obscene exposure. He targeted a female student in a remote basement periodical section of the Foley Library. After catching her attention, he sat cross-legged on the floor near the student, exposed himself, and masturbated in her presence. The student notified security who escorted Mr. Snedden from the library. Security advised Mr. Snedden he was not welcome on the premises and could not return for any reason. For this incident, the State charged Mr. Snedden with indecent exposure, not burglary, because he had not yet made an unlawful entry.[1]
On January 30, 2001, Mr. Snedden made his second obscene exposure at the Foley Library. He again targeted a female student studying alone in the basement periodical section. He created a commotion to catch the student's attention, sat cross-legged behind a nearby bookshelf, removed books from the bookshelf to provide a clear view between himself and the student, exposed himself, and masturbated in the student's presence. He maintained eye contact with the student throughout the encounter. The student reported that she felt violated and scared. The State charged Mr. Snedden with second degree burglary for this conduct.
On February 1, 2001, Mr. Snedden made his third obscene exposure at the Foley Library. This time he targeted two female students (victims A and B) studying alone in the basement periodical section. He first made a loud noise to catch the attention of victim A. After catching her attention, he sat on the floor behind a nearby bookshelf, removed books from the bookshelf to provide a clear view between himself and victim A, exposed himself to victim A and masturbated in her presence. He maintained eye contact with victim A throughout the encounter. Victim A notified her friend and study partner, victim B, who also observed the obscene act. Victim A indicated that she was very upset by the incident, offended by the obscene conduct, and felt her personal space was violated. The acts made her feel very uncomfortable. She now fears for her own safety, does not feel safe going to the library alone, and is apprehensive around strangers. The State charged Mr. Snedden with second degree burglary for this conduct.
On February 11, 2001, Mr. Snedden attempted a fourth obscene exposure at the Foley Library. Mr. Snedden's victim from the January exposure saw him on the third floor of the library. Mr. Snedden began a course of conduct similar to his previous acts. He sat in a chair about 10 feet away from the student and made eye contact with her. He then moved and sat on the floor behind a nearby bookshelf and removed books from the bookshelf to provide a clear view between himself and the student. Before he could expose himself, the student contacted security who apprehended Mr. Snedden and turned him over to the police. The State charged Mr. Snedden with attempted second degree burglary for this conduct.

PROCEDURAL HISTORY
The trial court dismissed the two counts of second degree burglary and one count of attempted second degree burglary. It reasoned that a crime against a person implies physical injury, indecent exposure falls under a crime against morality and indecency at common law, and the rule of lenity requires ambiguities to be resolved in the defendant's favor.
*997 The Court of Appeals reversed for several reasons. First, it disputed the trial court's finding that a crime against a person necessarily requires bodily injury. State v. Snedden, 112 Wash.App. 122, 127, 47 P.3d 184 (2002). Second, it reasoned that a crime against a person could be inferred because RCW 9A.52.040 places the burden on the perpetrator to reasonably explain to the trier of fact that he or she entered without the intent to commit a crime against a person or property. Id. Here, Mr. Snedden did not give a reasonable explanation or deny committing the acts. Id. Third, it found that "a crime against a person" was not ambiguous. Id. at 128, 47 P.3d 184. Finally, the Court of Appeals reasoned that, although morality may play a role when determining whether the crime of indecent exposure has been committed, the morality characterization does not preclude a finding of "a crime against a person" in the burglary context where the victims allege affront or alarm. Id. Mr. Snedden was granted discretionary review. State v. Snedden, 148 Wash.2d 1008, 62 P.3d 890 (2003).

ISSUE
Whether the crime of indecent exposure under RCW 9A.88.010 can serve as the predicate crime for second degree burglary under RCW 9A.52.030?

ANALYSIS
Second degree burglary requires, inter alia, that the perpetrator act "with intent to commit a crime against a person." RCW 9A.52.030 (emphasis added). The plain language of the indecent exposure statute satisfies this requirement. Indecent exposure occurs when the perpetrator "intentionally makes any open and obscene exposure ... knowing that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1) (emphasis added). In other words, it requires an intentional culpable act with "knowledge" that the conduct is likely to cause reasonable "affront or alarm." Id. A targeted victim is implicit in the statutory language because only a victim could be affronted or alarmed by the obscene conduct. As a result, since the perpetrator must have knowledge his or her conduct will likely affront or alarm another person, common sense dictates that this is "a crime against a person." It follows that indecent exposure is a predicate crime under the second degree burglary statute.
The facts of this case illustrate well why the crime of indecent exposure is "a crime against a person."[2] Mr. Snedden targeted female students in remote areas of the Foley Library. He created a commotion to catch the students' attention, went behind a nearby bookshelf and removed books to provide a clear view between himself and his victims, exposed himself, and masturbated in their presence. Throughout the encounters, he maintained eye contact with his victims. Mr. Snedden's victims reported feeling upset, violated, scared, uncomfortable and fearful for their safety. Mr. Snedden's culpable actions were deliberate, calculated and aimed specifically toward his victims.
Mr. Snedden argues that State v. Barnett controls the interpretation of "a crime against a person" in the second degree burglary context. State v. Barnett, 139 Wash.2d 462, 469-71, 987 P.2d 626 (1999). In Barnett, the defendant unlawfully entered a building and stole firearms. Id. at 463, 987 P.2d 626. During the crime, the defendant neither injured nor threatened to injure another person. Id. at 463-64, 987 P.2d 626. He was convicted of first degree burglary while armed with a deadly weapon. Id. at 464, 987 P.2d 626. Under the sentencing statute,[3] community placement could be imposed for "any crime against a person" if the defendant was armed with a deadly weapon during the commission of a crime. Id. at 464-65, 987 P.2d 626. The court found that a plain and ordinary definition of the phrase "crime against a person" is "any offense involving *998 unlawful injury or threat of injury to the person or physical autonomy of another." Id. at 469, 987 P.2d 626. Since the defendant did not injure or threaten to injure another, the court held that common sense dictates that he did not commit a "crime against a person" in the context of the sentencing statute. Id. at 470, 987 P.2d 626.
Mr. Snedden's reliance upon Barnett is not persuasive given the facts of this case. First, the statute under review in Barnett was related to a community placement sentencing provision under Title 9 RCW. It had nothing to do with the elements of a substantive crime like burglary under Title 9A RCW. In Barnett, the phrase "any crime against a person" was part of a list describing serious violent offenses mandating community placement. Id. at 464-65, 987 P.2d 626. The Barnett court construed the definition in light of this context. Second, the Barnett court did not need to do a comprehensive analysis. The Barnett facts clearly did not fit within the plain language reading of "any crime against a person." Since the defendant did not injure or threaten to injure any person, the Barnett court could easily conclude that his conduct did not fit within the definition of "crime against a person."
Mr. Snedden also argues that indecent exposure is a "crime against morality," not against a person. In support, he relies on Rollin M. Perkins, Criminal Law 23 (2d ed.1969) (hereinafter Perkins), where the author separates offenses into six categories of social harm. Two of these categories include "offenses against the person" and "offenses against morality and decency." Id. Under the classification of "offenses against morality and decency," the author includes indecent exposure. Id. at 395. Based upon this, Mr. Snedden concludes that, in Washington, indecent exposure is a crime against morality, not against a person.
Mr. Snedden's argument is unpersuasive because Perkins makes no connection between the common law classifications and Washington law. It merely states that "[d]iscussions of specific offenses usually make use of a classification based upon the type of social harm caused in each particular case." Id. at 23. This cursory statement does not offer any insight on how Washington courts have used these classifications over time in developing their jurisprudence.
Furthermore, contrary to Mr. Snedden's argument, Perkins indicates that the classifications evolved over time. For example, the common law crime of burglary did not use the classification phraseology "offenses against a person." Id. at 192. The common law crime of burglary involved a "breaking and entering of the dwelling of another in the nighttime with intent to commit a felony." Id. The crime was also originally classified as an "offense against habitation and occupancy." Id. Over time, however, the crime of burglary evolved into "a crime against a person or property." RCW 9A.52.030. Indeed, the current crime of burglary bears little relation to its common law ancestor. 2 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW 464 (1986). Over time other classifications at common law also evolved, including the classification of "offenses against morality."
Mr. Snedden fails to explain how the common law classifications have maintained their vitality over time and provides no relationship between the common law classifications and current Washington jurisprudence. Thus, Mr. Snedden's morality argument is not persuasive.
Mr. Snedden argues that indecent exposure is not "a crime against a person" because it is not listed in the Sentencing Reform Act of 1981(SRA) list.[4] This argument is also unpersuasive for several reasons. First, the SRA list only applies to felonies. RCW 9.94A.010; State v. Marks, 95 Wash.App. 537, 538, 977 P.2d 606 (1999). The crime of indecent exposure is a misdemeanor or gross misdemeanor for first time offenders. RCW 9A.88.010(2). Thus, one would not expect to find indecent exposure among the SRA list of felonies. Second, the legislature clearly indicated that the list was solely for the purpose of guiding prosecutors. RCW 9.94A.401. The SRA list of prosecuting standards serves a wholly different purpose *999 than the second degree burglary statute. Third, the SRA list is not applicable because it was enacted several years after the second degree burglary statute. The SRA list was enacted in 1983, while the second degree burglary statute was enacted in 1975. Former RCW 9.94A.440 (1983); RCW 9A.52.030. The SRA list, therefore, could not have been considered by the legislature when adopting the burglary statute. Finally, the SRA list and second degree burglary statutes are contained in separate chapters of the code. If the legislature intended the SRA list to be used as an interpretive device in other chapters of the code, it presumably would have indicated its intent. Mr. Snedden errs in relying upon the SRA list as an interpretation device.
Mr. Snedden argues that the crime of indecent exposure is not a crime against a person based upon the rule of lenity. The rule of lenity only applies to situations where more than one interpretation can be drawn from the wording of a statute. State v. McGee, 122 Wash.2d 783, 787, 864 P.2d 912 (1993). Mr. Snedden's argument lacks merit because it rests upon a presumption that indecent exposure is "a crime against morality." But, as discussed above, he failed to adequately support this assertion. The rule of lenity does not apply because no ambiguities were identified.

CONCLUSION
The crime of indecent exposure can serve as the predicate crime for second degree burglary because it requires knowledge that the obscene conduct will cause a reasonable affront or alarm and only a person can be affronted or alarmed by such conduct. Mr. Snedden's reliance upon Barnett is misplaced because it refers to a completely unrelated community placement sentencing statute. Although the legislature's motivations behind the promulgation of the indecent exposure statute may have included morality, a morality characterization by itself does not preclude indecent exposure from being a predicate crime in the burglary context. Mr. Snedden has not shown a connection between the common law classification of "crimes against morality" and Washington law. The second degree burglary and indecent exposure statutes are not ambiguous and, therefore, the rule of lenity does not apply. We affirm the Court of Appeals' decision holding that indecent exposure is a predicate crime for second degree burglary.
ALEXANDER, C.J., and JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS and OWENS, JJ., concur.
SANDERS, J. (dissenting).
Mr. Snedden trespassed on Gonzaga University's Foley Center Library and repeatedly exposed himself to female students. There is no dispute that Mr. Snedden committed the crime of indecent exposure, which is defined as:
A person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm.
RCW 9A.88.010(1).
The issue before us is whether Mr. Snedden's act of exposing himself in public is a "crime against a person." Only if indecent exposure is a "crime against a person" can it serve as the predicate crime for second degree burglary, which is the charge. The second degree burglary statute states:
A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.
RCW 9A.52.030(1) (emphasis added).
I agree with the majority that "only a person can be affronted or alarmed by [indecent exposure]." Majority at 11. However, just because a person is a necessary element of indecent exposure does not mean that the crime is against a person. The statute focuses on the intent, i.e., knowledge, of the individual performing the exposure. He must "know[] that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1). In State v. Eisenshank the Court of Appeals held that:

*1000 The offensive exhibition in the presence of another constitutes a crime against morality and decency, not necessarily an assault or a personal offense against the individual in whose presence the exhibition takes place. Creation of a sense of shame or other distressing emotion is not an essential element of the crime.
State v. Eisenshank, 10 Wash.App. 921, 924, 521 P.2d 239 (1974) (emphasis added). Thus, one could be convicted of indecent exposure if the "victim" is blind and does not perceive the exposure. It is also possible that the "victim" would find the exposure more humorous than threatening. Because indecent exposure does not require injury to another person, I posit that it is not a crime against a person and cannot be used as a predicate crime for second degree burglary.
This is consistent with Black's Law Dictionary, which defined "crimes against persons" as "[a] category of criminal offenses in which the perpetrator uses or threatens to use force."[1] BLACK'S LAW DICTIONARY 379 (7th ed.1999). Clearly, force or threat of force is not an element of indecent exposure. RCW 9A.88.010(1).
This court already defined "crime against a person" in State v. Barnett. 139 Wash.2d 462, 469, 987 P.2d 626 (1999). In Barnett we held that a plain and ordinary definition of the phrase "crime against a person" is "any offense involving unlawful injury or threat of injury to the person or physical autonomy of another." Id. However, Barnett dealt with a different statute and therefore is not binding precedent. Nonetheless, this previous definition serves as a guide to be read concurrently with the Eisenshank opinion, which held that injury or threat of injury is not an element of indecent exposure. Eisenshank, 10 Wash.App. at 924, 521 P.2d 239. Thus, it is consistent with case law to find that indecent exposure is not a crime against a person.
The plain reading of the indecent exposure statute demonstrates that it is a crime merely involving another person. Consistent with the plain reading of RCW 9A.88.010(1), Black's Law Dictionary, and Washington case law, I would hold indecent exposure is not a crime against a person and, therefore, cannot be a predicate offense to second degree burglary.
Accordingly I dissent.
NOTES
[1] Mr. Snedden pleaded guilty to this charge of indecent exposure. In his subsequent exposures, however, as fully discussed below, Mr. Snedden did not abide by the security guard's no-trespass warnings. The State, therefore, charged him with second degree burglary and attempted second degree burglary because his exposures were coupled with unlawful entries at the Foley Library. It is the burglary charges from these subsequent incidents that are disputed.
[2] The facts of Mr. Snedden's case are only provided for illustrative purposes. Whether or not Mr. Snedden's conduct satisfies the elements of burglary is ultimately a question for the trier of fact.
[3] Former RCW 9.94A.120(9)(a) (1998), recodified as RCW 9.94A.505.
[4] Former RCW 9.94A.440, recodified as RCW 9.94A.411.
[1] This definition is only instructive because it was not added until publication of the seventh edition of Black's Law Dictionary in 1999, which is after the 1975 enactment of the burglary statute. See State v. Barnett, 139 Wash.2d 462, 469 n. 5, 987 P.2d 626 (1999) (finding no definition of "crime against a person" in the sixth edition of Black's Law Dictionary).