IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30798-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MIGUEL A. CARRILLO DENIZ, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Miguel Carrillo Deniz pleaded guilty to third degree rape. As part of Mr. Carrillo Deniz's sentence, the trial court ordered community custody for a term of 36 months. Mr. Carrillo Deniz appeals. We disagree with Mr. Carrillo Deniz's contention that the community custody statute applicable to his sentence, RCW 9.94A.701, is ambiguous. Therefore, we affirm the 36-month community custody term.

FACTS

Mr. Carrillo Deniz pleaded guilty to third degree rape, RCW 9A.44.060(1)(a). In addition to 13 months of confinement, the judgment and sentence ordered 36 months of community custody. Mr. Carrillo Deniz did not object to the term of community custody.

Mr. Carrillo Deniz now appeals. He contends that his term of community custody should be modified because of ambiguity in the community custody statute, RCW 9.94A.701. He maintains that the statute is ambiguous because more than one section of RCW 9.94A.701 controls the length of his community custody term. Specifically, because third degree rape is both a sex offense and a crime against a person, his sentence falls under the statutory provisions for certain sex offenses, RCW 9.94A.701(1)(a), and for crimes against persons, RCW 9.94A.701(3)(a). He applies the rule of lenity to the alleged ambiguity and maintains that he should receive the lesser 12-month term of community custody for crimes against persons.

## ANALYSIS

A sentence imposed contrary to the law may be raised for the first time on appeal. *State v. Anderson*, 58 Wn. App. 107, 110, 791 P.2d 547 (1990). On appeal, a defendant may challenge a sentence imposed in excess of statutory authority because "a defendant cannot agree to punishment in excess of that which the Legislature has established." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). "Questions of statutory interpretation are questions of law subject to de novo review." *State v. Franklin*, 172 Wn.2d 831, 835, 263 P.3d 585 (2011).

When interpreting the meaning and purpose of a statute, the objective of the court is to determine the intent of the legislature. *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)). Effect is given to the plain meaning of the statute when the plain meaning can be determined from the text of the statute. *Id.* The statute is to be read as a whole, with consideration given to all statutory provisions in relation to one another and with each provision given effect. *State v. Merritt*, 91 Wn. App. 969, 973, 961 P.2d 958 (1998).

After conducting a plain meaning review, if the statute is still susceptible to more than one interpretation, then the statute is ambiguous and the court relies on statutory construction, legislative history, and relevant case law to determine legislative intent. *Jones*, 172 Wn.2d at 242 (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)). "When there is a conflict between one statutory provision which treats a subject in a general way and another which treats the same subject in a specific manner, the specific statute will prevail." *Pannell v. Thompson*, 91 Wn.2d 591, 597, 589 P.2d 1235 (1979) (emphasis omitted). "Statutes are construed so as to avoid strained or absurd consequences." *Merritt*, 91 Wn. App. at 973. Interpretations are not to render any statutory language superfluous. *Wright v. Engum*, 124 Wn.2d 343, 352, 878 P.2d 1198 (1994).

The rule of lenity applies to situations where more than one interpretation can be drawn from the wording of a statute. *State v. Snedden*, 149 Wn.2d 914, 922, 73 P.3d 995 (2003). "Under the rule of lenity, the court must adopt the interpretation most favorable to the criminal defendant." *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

Here, the statute controlling Mr. Carrillo Deniz's term of community custody sentence is RCW 9.94A.701. Within this statute, RCW 9.94A.701(1)(a) provides that if an offender is sentenced to the custody of the Department of Corrections for a sex offense not sentenced under RCW 9.94A.507, the court shall sentence the offender to community custody for three years.

Also of importance within the statute, RCW 9.94A.701(3)(a) provides that when a court sentences a person to the custody of the Department of Corrections for any crime against a person under RCW 9.94A.411(2), the court shall also sentence an offender to one year of community custody.

Rape in the third degree, RCW 9A.44.060, is a sex offense as defined by former RCW 9.94A.030(45) (2010); rape in the third degree is not sentenced under RCW 9.94A.507. Also, rape in the third degree is listed as a crime against persons under RCW 9.94A.411(2).

4

The plain meaning of RCW 9.94A.701 clearly indicates that persons who commit sex offenses not sentenced under RCW 9.94A.507 are to be sentenced to 36 months of community custody. The text of the statute specifically imposes this specific sentence for these certain sex offenses. The legislature clearly intended for persons convicted of a sex offense not listed under RCW 9.94A.507 to receive a longer sentence of community custody than persons convicted of other crimes against persons.

Because Mr. Carrillo Deniz was convicted of a sex offense not sentenced under RCW 9.94A.507, the trial court applied the correct statutory provision and sentenced him to 36 months of community custody in addition to his 13 months of confinement.

Mr. Carrillo Deniz suggests that the trial court's denial of his motion to withdraw his guilty plea is a potential issue. However, Mr. Carrillo Deniz provides no argument in support of his concern. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998); *see* RAP 10.3(a)(5). We will not address this issue on appeal.

The trial court correctly sentenced Mr. Carrillo Deniz to 36 months of community custody for third degree rape. The court was not required to sentence Mr. Carrillo Deniz to the lesser term of community custody for crimes against persons. The legislature

5

No. 30798-1-III
*State v. Carrillo Deniz*

clearly intended for sex offenses to receive a longer term of community custody than general crimes against persons.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____     _____
Siddoway, A.C.J.                                     Brown, J.