# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59783-7-II |
| Respondent, | |
| v. | |
| DEREK JOHN VEITH, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Derek J. Veith appeals his conviction for second degree burglary, arguing that the burglary statute requires a "nexus" between the unlawful entry and the crime intended to be committed within the building.[1]  We disagree and affirm.

## FACTS

On August 17, 2023, a store in Vancouver trespassed Veith from its premises.  Ten days later, on August 27, Veith went to the store and bought groceries with his ex-husband, Juan Perez Lopez.[2]  The store's loss prevention officer observed Veith grocery shopping on surveillance video and called the police.  Officer Conrad Iranon of the Vancouver Police Department responded to the store.  Officer Iranon contacted Veith and Perez in a van in the store parking lot and determined there was a no contact order that prohibited Veith from coming within 250 feet of Perez.

---

[1]  Veith does not appeal his conviction for felony violation of a protection order.

[2]  Perez testified that his last name is "Perez."  Verbatim Rep. of Proc. at 53.

The State charged Veith with felony violation of a protection order—domestic violence and second degree burglary. At trial, the loss prevention officer and Officer Iranon testified consistently with the above facts.

Perez testified that he and Veith married in 2014 and divorced in 2022. On August 27, Veith called Perez and asked Perez to buy food for him. Perez agreed and met Veith at the store in Vancouver. Perez and Veith entered the store together and spent approximately 30 minutes grocery shopping.

The jury found Veith guilty as charged. The trial court imposed a total term of 60 months of confinement.[3]

Veith appeals.

ANALYSIS

Veith argues that the second degree burglary statute should be read as requiring a "nexus" between the unlawful entry into a building and the intent to commit a crime therein. We disagree.

RCW 9A.52.030(1) defines second degree burglary:

A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling.

Whether the second degree burglary statute contains a nexus requirement is an issue of statutory interpretation. *See Nelson v. P.S.C. Inc.*, 2 Wn.3d 227, 233, 535 P.3d 418 (2023).

Our objective in statutory interpretation is to ascertain and carry out the legislature's intent. *Royal Oaks Country Club v. Dep't of Revenue*, 2 Wn.3d 562, 568, 541 P.3d 336 (2024). "If the

---

[3] Veith's offender score for the felony violation of the protection order was 10, which resulted in a standard range of 72-96 months. Veith's standard sentencing range exceeded the statutory maximum for the offense, and therefore, the trial court imposed the statutory maximum of 60 months of confinement. *See* RCW 7.105.450(5); RCW 9A.20.021(1)(c).

meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." *Id*.

Plain language is discerned from "the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes." *Id*. "We cannot add words to an unambiguous statute under the guise of construction." *State v. M.V.*, 33 Wn. App. 2d 658, 665, 564 P.3d 564 (2025).

Here, the plain language of the second degree burglary statute sets forth the elements of second degree burglary: (1) entering or remaining unlawfully in a building other than a vehicle or dwelling, and (2) with the intent to commit a crime against a person or property therein. *See State v. Brown*, 25 Wn. App. 2d 634, 640, 528 P.3d 370 (2023). Nothing in the plain language of the second degree burglary statute requires a nexus between the unlawful entry and the crime being committed within the building and we cannot add words to the otherwise unambiguous plain language of the burglary statute. *See M.V.*, 33 Wn. App. at 665.

Veith cites to several cases that he claims support the contention that the burglary statute requires a nexus between the unlawful entry and the crime intended to be committed within the building. However, none of these cases require the State *to prove* a nexus between the unlawful entry and the crime intended to be committed within the building.

For example, although Veith selectively cites to language in *State v. Snedden*, 149 Wn.2d 914, 919, 73 P.3d 995 (2003), to support his position, the legal holding in *Snedden* was that indecent exposure could serve as a predicate "crime against a person" for the purposes of first degree burglary.

Similarly, *State v. Kindell*, 181 Wn. App. 844, 852-54, 326 P.3d 876 (2014), addressed several issues related to whether unlawful possession of a firearm was a "crime against property"

for the purposes of second degree burglary. Kindell did not hold that a nexus was required between the unlawful entry and the crime intended to be committed within the building.

Finally, the portion of *State v. Brown*, 162 Wn.2d 422, 431, 173 P.3d 245 (2007), on which Veith relies, addressed whether the defendant was "armed" with a firearm and relied on cases establishing that the act of being "armed" requires a nexus between the defendant, the weapon, and the crime.

None of the cases Veith cites to support the contention that the second degree burglary statute includes an additional element of requiring the State to prove a nexus between the unlawful entry and the crime intended to be committed within the building.

Because Veith fails to show that the second degree burglary statute requires the State to prove a nexus between the unlawful entry and the crime intended to be committed therein, his argument fails.[4] Accordingly, we affirm.

---

[4] Veith appears to raise, without explanation, that the evidence was insufficient to support the jury's verdict finding him guilty of second degree burglary. *See* Br. of Appellant at 6 ("[H]ad Mr. Veith, having received a trespass notice, entered the [store] with the intent of stealing or damaging [store] property, there is no question he would be guilty of second-degree burglary. But he did not enter for that purpose—he entered for the lawful purpose of selecting and purchasing groceries."). To the extent Veith is attempting to challenge the sufficiency of the evidence, this challenge fails.

"When a criminal defendant challenges sufficiency of the evidence, 'all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant.'" *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)), *cert. denied*, 140 S. Ct. 834 (2020).

The elements of second degree burglary are: (1) entering or remaining unlawfully in a building other than a vehicle or dwelling, and (2) with the intent to commit a crime against a person or property therein. *See Brown*, 25 Wn. App. 2d at 640. Here, the State presented evidence that Veith called Perez and arranged to meet him at the store which, when viewed in the light most favorable to the State, supports the reasonable inference that Veith had the specific intent to violate the protection order by meeting with Perez at the store when Veith unlawfully entered the store. *See* RCW 9A.52.030(1). Thus, to the extent Veith attempts to make a sufficiency of the evidence challenge, that challenge fails.

No. 59783-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, J.

Cruser, C.J.