[No. 11388-4-III.    Division Three.    February 11, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ANNE ELISE
POLLNOW, *Appellant.*

*Michael J. Pettit* and *Campbell, Pettit & Rubottom,* for appellant.

*James Kaufman, Prosecuting Attorney,* and *Ronald D. Shirley, Chief Deputy,* for respondent.

SWEENEY, J. — Anne Elise Pollnow appeals her jury conviction of attempted second degree burglary. She contends the court erred by: (1) denying the motion to dismiss because the information failed to state a crime, (2) instructing the jury that the City of Pullman's possession of her dog amounted to ownership of the dog, (3) refusing to properly instruct the jury on the defense to the underlying charge of attempted theft, and (4) failing to grant the motion for arrest of judgment. We affirm.

## FACTS

The following facts were agreed to for purposes of this appeal. On November 11, 1989, Ms. Pollnow returned to her Pullman apartment after drinking heavily at a college party. She discovered her dog "Barney" was missing and she suspected he had been picked up by the City of Pullman's animal control officers. The dog had been "picked up" on at least one prior occasion and Ms. Pollnow was aware that the City of Pullman would require her to pay fines and license fees to obtain the dog. Ms. Pollnow solicited the assistance of her boyfriend and an acquaintance and drove to the City of

Pullman's animal control shelter, arriving at approximately 11:30 p.m.

The animal shelter was closed and locked, and no one was in the building. Ms. Pollnow, however, recognized "Barney's" bark, and decided to enter the building and release the dog. She beat on the front and rear doors and windows with an ax, causing $577.08 in damages, but failed to gain entry. Ms. Pollnow returned to the animal shelter within a day or two, paid the "running at large" fine and the dog license fee, and obtained possession of the dog.

Finally, Ms. Pollnow agreed that at the time of the incident, the dog, "Barney", was in the lawful possession of the City of Pullman and was legally being held by the City of Pullman's animal control shelter.

## PROCEDURAL BACKGROUND

Ms. Pollnow was charged by information with attempted second degree burglary. At trial, the court denied Ms. Pollnow's motion to dismiss because the information failed to state a crime. Ms. Pollnow objected to jury instruction 12, which stated the City's possession of the dog amounted to ownership, and to jury instruction 9, regarding her good faith defense to the underlying charge of theft.

The jury convicted Ms. Pollnow of attempted second degree burglary. The court denied Ms. Pollnow's motion for arrest of judgment.[1] This appeal follows.

## FAILURE OF INFORMATION TO STATE A CRIME

Ms. Pollnow contends that the information failed to charge a crime because it referenced her attempts to remove the dog without paying the fine, which is a civil infraction under the Pullman City Code. Pullman City Code 9.01.030, 9.30.090.[2]

---

[1]Ms. Pollnow did not argue or cite any authority to support her contention that the trial court erred in failing to grant her motion for arrest of judgment. The assignment of error is therefore abandoned. RAP 10.3(a)(5); *State v. Motherwell*, 114 Wn.2d 353, 358 n.3, 788 P.2d 1066 (1990); *State v. Manthie*, 39 Wn. App. 815, 825, 696 P.2d 33, *review denied*, 103 Wn.2d 1042 (1985).

[2]Ms. Pollnow cites Pullman City Code 9.01.030 and 9.01.090, apparently in error as 9.01.090 does not exist, but 9.30.090 contains the pertinent provisions.

■ "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(b); 12 R. Ferguson, Wash. Prac., *Criminal Practice and Procedure* § 1102, at 206 (1984). The charging document must "allege facts supporting every element of the offense, in addition to adequately identifying the crime charged." (Italics omitted.) *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989).

> The intent to commit a specific named crime inside the burglarized premises is not an "element" of the crime of burglary in the State of Washington. . . . The intent required by our burglary statutes is simply the intent to commit any crime against a person or property inside the burglarized premises.

*State v. Jackson*, 112 Wn.2d 867, 879, 774 P.2d 1211 (1989) (quoting *State v. Bergeron*, 105 Wn.2d 1, 4, 711 P.2d 1000 (1985)).

Ms. Pollnow was charged with attempted second degree burglary. RCW 9A.52.030.[3] The information stated:

> That the said ANNE ELISE POLLNOW, on or about the 11th day of November, 1989, in the County of Whitman, State of Washington, then and there being, did then and there, with intent to commit a crime against a person or property therein, take a substantial step towards entering or remaining unlawfully in a building, to-wit: In attempting to remove a dog without paying the legally assessed fees, she, by the use of an ax, attempted to enter or remain in the building housing the

---

Pullman City Code 9.01.030 provides in part:
(1) Any person or entity which violates the provisions of sections:
. . . .
9.30.090 Removal of impounded animal without payments of fees.,
. . . shall be deemed to have committed a civil infraction . . ..
Pullman City Code 9.30.090 provides:
No person unless authorized by the chief of police to do so, shall remove, allow, or cause to be removed from the animal shelter any animal without the payment of the impound fee, boarding fee, and other fees established pursuant to the provisions of Section 9.10.060.

[3]Former RCW 9A.52.030 provides:
"**Burglary in the second degree. (Effective until July 1, 1990.)** (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

City of Pullman Animal Shelter, Pullman, Washington; contrary to statute in such case made and provided, to-wit: R.C.W. [9A.]28.020 and R.C.W. 9A.52.030.

The information is legally sufficient because it set out all the elements of burglary. *Leach*, at 689. The court did not err in denying Ms. Pollnow's motion to dismiss the information for failure to state a crime.

### CITY'S OWNERSHIP OF DOG

Ms. Pollnow contends jury instruction 12, which states that the City of Pullman had ownership of the dog, is an incorrect statement of the law. She argues that the City's right to possess the dog flows from the city ordinance, which states that removing a dog without payment of fees is a civil infraction. Pullman City Code 9.01.030, 9.30.090. Because the City did not intend to criminalize this conduct, the City could not have intended that the City "own" the dog.

■ Jury instructions are sufficient if they allow each party to argue its theory of the case and if they properly inform the jury of the applicable law. *State v. Bowerman*, 115 Wn.2d 794, 809, 802 P.2d 116 (1990).

Jury instruction 12 provided:

> While a dog is impounded at the Animal Control Shelter, the City of Pullman has exclusive possession of the dog.
> Such possession amounts to ownership of the dog; and without the cities' [*sic*] consent, no person, including the dog's original owner, has the authority to exert control over the dog.
> This possession only terminates upon the payment of boarding fees, license fees, and late license fees.

■ The first sentence of the instruction is consistent with the facts and the ordinance. The dog was in the lawful possession of the City and was legally being held. Ms. Pollnow knew she would be required to pay fines and license fees before she could recover the dog. Pullman City Code 9.30.090. The City had the right to exclusive possession. Ms. Pollnow was not entitled to possession without paying the fees.

The second sentence of the instruction properly equates exclusive possession with the theft definition of "owner":

"Owner" means a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services;

RCW 9A.56.010(8). The City had possession of the dog, and unless the City consented, Ms. Pollnow could not exert control over the dog. Each element of the definition of "owner" is consistent with the City's animal control ordinance.

Ms. Pollnow argues that because she could "obtain control over" the dog by selling it while it is impounded, she, and not the City, is the owner. She is mistaken. Even if Ms. Pollnow sold the dog, she would only transfer her interest in the dog (RCW 62A.2-403)[4] subject to the City's possessory interest. The new owner would have to pay the fees to obtain physical possession of the dog.

The third sentence of the instruction recognizes that fees must be paid before the City's possession of the dog is terminated. Again, this is consistent with the ordinance and the facts. Instruction 12 was a correct statement of the law.

Ms. Pollnow's lengthy argument regarding the proper construction of the ordinance misses the point. Ms. Pollnow is not charged with violation of an ordinance, but with burglary, the underlying crime for which is theft. The ordinance does not define "owner" differently than the theft statute; the City's possessory interest in the dog was that of an "owner".

■ Ms. Pollnow also asserts there is an issue of a statute superseding an ordinance in this case. We disagree. Both can be applicable since the ordinance creates civil liability and the statute creates criminal liability. *See Yakima Cy. Clean Air Auth. v. Glascam Builders, Inc.*, 85 Wn.2d 255, 260, 534 P.2d 33 (1975) (it is constitutional for the same statute, the Washington Clean Air Act, to provide for civil or criminal penalties or both for the same action); *State v.*

---

[4]RCW 62A.2-403(1) provides in part:

"A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased."

*Ankney*, 53 Wn. App. 393, 395, 766 P.2d 1131 (1989) (no equal protection violation when an animal control violation resulted in civil or criminal penalty or both); *State v. Von Thiele*, 47 Wn. App. 558, 561, 736 P.2d 297 (same statute may provide for civil and criminal penalties), *review denied*, 108 Wn.2d 1029 (1987).

### INSTRUCTION ON UNDERLYING THEFT CHARGE

Ms. Pollnow contends the trial court erred in refusing to instruct the jury that it was a defense to the underlying charge of attempted theft if she appropriated the property under a good faith claim of title (Ms. Pollnow's proposed instruction 4, WPIC 19.08). The court instructed the jury on theft (instruction 8) and that it is a defense if Ms. Pollnow appropriated the property under a good faith belief in her claim of ownership and right to possession (instruction 9).

The specific crime intended to be committed "inside burglarized premises is not an element of burglary that must be included in the information [or] jury instructions . . . It is sufficient if the jury is instructed . . . in the language of the burglary statutes." (Italics omitted.) *Bergeron*, at 16; *Jackson*, at 879. This has been the law in Washington for some 90 years, with the exception of the period from December 15, 1983, to December 12, 1985, when jury instructions were required to specify and define the alleged intended crime to be committed during a burglary. *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (1983), *overruled in State v. Bergeron, supra.*

Ms. Pollnow was charged with burglary, with the underlying crime identified as theft. The court, although not required to do so, instructed on theft and a defense to theft. *Jackson*, at 879; *Bergeron*, at 16. This inappropriately increased the State's burden. A theft defense instruction was not required because theft was not an element of the crime.

The information, charging Ms. Pollnow with attempted second degree burglary, was legally sufficient. The jury was properly instructed on the ownership of the dog. No instructions were required on the underlying charge of theft.

The conviction is affirmed.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 121 Wn.2d 1030 (1993).