89 P.3d 717 (2004)
121 Wash.App. 569
STATE of Washington, Appellant,
v.
Matthew Allen STINTON, Respondent.
No. 29474-5-II.
Court of Appeals of Washington, Division 2.
May 4, 2004.
*718 Eleanor Marie Couto, Longview, WA, for Respondent.
Michelle L. Shaffer, Cowlitz Co. Pros. Attorney Office, Kelso, WA, for Appellant.
SEINFELD, J.
The trial court dismissed a residential burglary charge against Matthew A. Stinton, reasoning that the State lacked proof of Stinton's intent to commit a crime inside the victim's home, as required under RCW 9A.52.025. The State had argued that Stinton's harassment of the victim inside her home in violation of a protection order constituted proof of this element of residential burglary. The State appealed, and we now reverse and remand for trial, holding that the violation of a provision of a protection order can serve as the predicate crime for residential burglary.

FACTS
Tyna McNeill and Stinton lived together with their two children. In October 2001, the Cowlitz County Superior Court issued a valid protection order prohibiting Stinton from harassing contact with McNeill and excluding him from the residence.
Later that month, Stinton went to McNeill's residence. Apparently McNeill was home and she consented to Stinton's visit. But when Stinton began taking personal property that McNeil claimed she owned, McNeill objected and asked Stinton to leave.
Stinton eventually went outside, but he applied force to the door to prevent McNeill from shutting and locking it. Although McNeill warned Stinton that she would call the police, Stinton continued pushing. Finally he broke the door by kicking it; he then reentered the residence.
McNeill again told Stinton to leave, but Stinton refused. The two continued to argue and, eventually, McNeill called 911 for assistance. In response, Stinton twice stated to McNeill, "Thanks a lot Tyna, this is a felony." Clerk's Papers (CP) at 7.
The State charged Stinton with residential burglary and violation of a protection order. Stinton moved to dismiss the residential burglary charge under State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986), contending that the State could not prove the "crime therein" element of residential burglary. The State responded that Stinton's violation of the protection order provision against harassing McNeill served as the predicate crime for residential burglary.[1]
The trial court granted Stinton's Knapstad motion and dismissed the residential burglary charge, reasoning that "the alleged violation of the valid protection order inside the residence, does not constitute a crime against persons or property" and that this violation did not satisfy the "intent to commit a crime therein as defined by the burglary statute." CP at 22. The State appeals.[2]

ANALYSIS

I. REVIEW OF KNAPSTAD MOTION
To prevail on a Knapstad motion, the defendant must show that "there are no *719 material disputed facts and the undisputed facts do not establish a prima facie case of guilt." 107 Wash.2d at 356, 729 P.2d 48. A trial court may dismiss a criminal charge if the State's pleadings and evidence fail to establish prima facie proof of all elements of the charged crime. State v. Sullivan, 143 Wash.2d 162, 171 n. 32, 19 P.3d 1012 (2001).
Our review of a Knapstad motion is similar to our review for sufficiency of the evidence. State v. Jackson, 82 Wash.App. 594, 607-08, 918 P.2d 945 (1996). "An appellate court will uphold the trial court's dismissal of a charge pursuant to a Knapstad motion if no rational finder of fact could have found beyond a reasonable doubt the essential elements of the crime." State v. Snedden, 112 Wash.App. 122, 127, 47 P.3d 184 (2002), affirmed, 149 Wash.2d 914, 73 P.3d 995 (2003); see also State v. Groom, 133 Wash.2d 679, 693, 947 P.2d 240 (1997) (appellate review of a Knapstad motion "does not include deciding whose version of events is correct," but concerns whether the State has established "a prima facie case of guilt.").

II. RESIDENTIAL BURGLARY CHARGE
Residential burglary has two elements: "[ (1) ] intent to commit a crime against a person or property therein, [and (2) ] the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025. Although the State's evidence must independently satisfy both elements, "the Legislature has adopted a permissive inference to establish the requisite intent whenever the evidence shows a person enters or remains unlawfully in a building." State v. Grimes, 92 Wash.App. 973, 980 n. 2, 966 P.2d 394 (1998) (citing RCW 9A.52.040 and State v. Brunson, 128 Wash.2d 98, 107, 905 P.2d 346 (1995)). But this permissive inference does not relieve the State from meeting its evidentiary burden to prove a defendant's intent to commit a crime therein; "[t]he standard of proof regarding a permissive inference is more likely than not." Snedden, 112 Wash.App. at 127, 47 P.3d 184; see also Brunson, 128 Wash.2d at 111, 905 P.2d 346 ("We can perceive of few, if any, cases in which intent to commit a crime would not have a rational connection to unlawful entry into a building.") (citations omitted).
At the Knapstad hearing, the court reviewed a stipulation that contained a summary of the State's evidence of Stinton's intent to commit a crime in McNeill's residence:
13. The State contends that the "crime therein" for the purposes of this Residential Burglary allegation is violating the No Contact Order by intending to contact Tyna McNeill. The State's theory is that this direct personal contact with Ms. McNeill inside the residence is a violation that is separate from the violation of the provision that prohibited the defendant coming to and entering the residence.
14. The contact included having a harassing and argumentative confrontation with Ms. McNeil after entering the home that second time, a home which he was not supposed to enter in the first place.
CP at 7 (emphasis added).
Thus, the issue before us is whether, as a matter of law, Stinton's alleged violation of the protection order provision that restrained him from harassing contact with McNeill can serve as the predicate crime for residential burglary. In other words, can the violation of a protection order serve as the predicate "crime against a person" under the burglary statute, RCW 9A.52.025? To answer this question, we apply a "common sense" analysis. State v. Snedden, 149 Wash.2d 914, 919, 73 P.3d 995 (2003); see also State v. Barnett, 139 Wash.2d 462, 469, 987 P.2d 626 (1999) (in context of a community sentencing provision, "[a] plain and ordinary definition of the phrase `crime against a person' would be one encompassing any offense involving unlawful injury or threat of injury to the person or physical autonomy of another.").
A person violates a protection order by "knowingly" violating one or more of its provisions that expressly protect the petitioner from future domestic violence by the respondent. RCW 26.50.110(1)[3]; RCW *720 26.50.060; Spence v. Kaminski, 103 Wash. App. 325, 331, 12 P.3d 1030 (2000). The violation of a protection order is a crime of domestic violence and harassment. Former RCW 10.99.020(3)(r) (2002)[4]; former 9A.46.060(35) (2002).[5] Thus, applying a common sense interpretation, a protection order violation is "a crime against a person" as the residential burglary statute uses that term.
Here, the State presented evidence that when Stinton unlawfully entered McNeill's residence, he knew of the order and intended to violate its provision restraining him from making harassing contact with McNeill. And it is undisputed that Stinton entered or remained unlawfully in McNeill's residence. Thus, the State established a prima facie case that Stinton violated a provision of the protection order forbidding him from harassing contact with McNeill.[6]
Nonetheless, Stinton asserts that the State's theory would improperly "elevate all violation of protection orders to burglaries." Br. of Respondent at 8. We disagree.
The court may specifically tailor a protection order to the petitioner's circumstances by including multiple provisions forbidding the respondent from a variety of misconduct toward the petitioner. RCW 26.50.060; Kaminski, 103 Wash.App. at 331, 12 P.3d 1030. Thus, the respondent may violate a protection order by disobeying one or several of multiple provisions. See RCW 26.50.110(1) ("a violation of the restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location.") (emphasis added).
Stinton's protection order contained two provisions prohibiting separate and distinct conduct toward McNeill. And the evidence of Stinton's harassing and threatening McNeill was separate and distinct from the evidence supporting his unlawful entry.
Stinton cites State v. Miller, 90 Wash.App. 720, 954 P.2d 925 (1998), for the proposition that it is not appropriate to imply proof of one element of a burglary by proving another element. He appears to be suggesting that it is improper to prove his intent to commit a crime therein merely with evidence that he unlawfully entered the premises. We agree, but find this contention irrelevant.
In Miller, the defendant lawfully entered a public car wash with an alleged intent to steal money from coin boxes. 90 Wash. App. at 723, 954 P.2d 925. The State attempted to prove unlawful entry by arguing that Miller's entry violated an implied privilege or license. Miller, 90 Wash.App. at 723, 954 P.2d 925. But the Miller court rejected this argument, holding that the facts did not support the State's argument. 90 Wash.App. at 725, 954 P.2d 925.
Here, Stinton concedes the unlawful entry element of residential burglary and the State presented independent evidence of Stinton's intent to commit a crime therein, harassing McNeill. As the State has presented proof of both prongs of residential burglary, Miller is distinguishable. And contrary to Stinton's contention, this analysis will not allow the State to elevate every trespass to burglary.
Given the requirement that we broadly interpret the "intent to commit a crime therein" element of residential burglary, we hold that a violation of a protection order provision can serve as a predicate crime for residential burglary. See State v. Bergeron, 105 Wash.2d 1, 4, 711 P.2d 1000 (1985) ("The *721 intent required by our burglary statutes is simply the intent to commit any crime against a person or property inside the burglarized premises.") (emphasis added); State v. Pollnow, 69 Wash.App. 160, 166, 848 P.2d 1265 (1993) (following Bergeron's intent analysis); see also State v. Sweet, 138 Wash.2d 466, 478, 980 P.2d 1223 (1999) (discussing the burglary "anti-merger" statute, RCW 9A.52.050). We also note that although "the elements of the crime of burglary vary substantially from state to state," only Hawaii and Colorado share our burglary statute's requirement that the defendant's intent to commit a crime therein be against "a person or property." Bergeron, 105 Wash.2d at 5, 711 P.2d 1000; RCW 9A.52.025. And notably, the Colorado Supreme Court has found that a protection order violation can serve as a predicate crime under its burglary statute.[7]People v. Rhorer, 967 P.2d 147, 148 (1998).
The legislative policy supporting both the residential burglary and the protection order statutes also supports our holding. An important purpose of both is to protect one's personal safety and prevent violence in the sanctity of the home. RCW 9A.52.025(1); 26.50.060(1)(a)(b); see also 1989 FINAL LEGISLATIVE REPORT, 51st Leg., SB 5233 [which became RCW 9A.52.025] at 209 ("In light of the steady increase in residential burglaries and the potential for personal injury inherent in such crimes, it is recommended that a separate crime of residential burglary be created."); Laws of 1992, ch. 111, at 442 (highlighting certain implementation problems, but stating that "the existing protection order process can be a valuable tool to increase safety for victims and to hold batterers accountable").
Sanctions against residential burglary provide heightened protection for crimes committed inside a home partly because "burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation." 13 AM.JUR. 2D BURGLARY § 3 (2003). Accordingly, residential burglary can be a crime of domestic violence. Former RCW 10.99.020(3)(u) (2002).[8]
The Domestic Violence Prevention Act has a similar purpose; it authorizes the issuance of protection orders to "restrain the respondent from committing domestic violence, from entering the petitioner's residence or workplace, and from contacting the petitioner." Hecker v. Cortinas, 110 Wash.App. 865, 869, 43 P.3d 50 (2002); RCW 26.50.060. According to the Legislature, "domestic violence, including violations of protective orders, is expressly a public, as well as private, problem." State v. Dejarlais, 136 Wash.2d 939, 944, 969 P.2d 90 (1998) (citation omitted).
In conclusion, we hold that the violation of a protection order provision can serve as the predicate crime for residential burglary. Because the State presented evidence that Stinton unlawfully entered and remained in the residence with the intent to commit a crime therein, the trial court erred in dismissing the charge. Consequently, we reverse the trial court's dismissal of the residential burglary charge and remand for trial.
We concur: MORGAN, A.C.J., and HUNT, J.
NOTES
[1] The record indicates that the trial court focused on a stipulated facts document signed by the attorneys.
[2] The State moved to dismiss without prejudice the protection order violation charge.
[3] RCW 26.50.110 states in pertinent part:

(1) Whenever an order is granted under this chapter ... and the respondent or person to be restrained knows of the order, a violation of the restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location ... is a gross misdemeanor except as provided in subsections (4) and (5) of this section.
. . . .
(3) A violation of an order issued under this chapter ... shall also constitute contempt of court, and is subject to the penalties prescribed by law.
(emphasis added).
[4] Recodified as RCW 10.99.020(5)(r) (2004).
[5] Recodified as RCW 9A.46.060(36) (2004).
[6] Violation of a protection order constitutes harassment. Former RCW 9A.46.060(35).
[7] CRSA § 18-4-202; HI ST § 708-810. Hawaii courts have not addressed the legal issue before us.
[8] Recodified as RCW 10.99.020(5)(u) (2004).