[No. 24583-7-III.   Division Three.   January 25, 2007.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD S. HENJUM, *Respondent*.

808

*James A. Van Sauer, Prosecuting Attorney*, and *Stephen T. Graham, Deputy*, for appellant.

*Michael G. Sandona*, for respondent.

¶1 SWEENEY, C.J. — The trial judge dismissed this bribery prosecution on the defendant's motion. The judge concluded that the State's showing was not sufficient to support the elements of bribery. The defendant here got drunk, got in an argument with his girl friend, almost sank his boat, and then offered the boat to astonished onlookers on condition that they give him a ride and not call authorities. We agree that these facts do not support a reasonable inference that the defendant was trying to influence an investigation or witnesses in a proceeding. And we therefore affirm the trial judge's dismissal of the bribery charge.

## FACTS

¶2 Occupants of a houseboat complained to authorities of the National Park Service about a couple of drunks driving a jet boat on Lake Roosevelt. Richard Henjum owned and was driving the boat. He ran the jet boat aground. The couple argued. The woman jumped overboard. The boat was sinking.

¶3 Mr. Henjum tried to cut a deal with the occupants of the houseboat. He would give them his boat if they would take him and his friend to the marina and not call the authorities. The authorities arrived. They found a highly intoxicated Mr. Henjum. He had difficulty walking and speaking. His eyes were bloodshot. Mr. Henjum said he owned the boat.

¶4 The police took the couple to the marina and cited Mr. Henjum for boating under the influence. The State later charged Mr. Henjum with the operation of a vessel under the influence of intoxicating liquor and/or drugs and bribery. Mr. Henjum moved to dismiss the bribery charge because it was not supported by the facts (*Knapstad*[1] motion). The judge agreed and dismissed the charge. The State appeals that ruling.

---

[1] *State v. Knapstad*, 107 Wn.2d 346, 352-56, 729 P.2d 48 (1986).

## DISCUSSION

¶5 The State contends that it made out an adequate case of bribery if the facts are looked at in a light most favorable to the State. Mr. Henjum responds that the State has not shown a genuine intent to influence anyone from reporting information relevant to a criminal investigation even if the facts are looked at in a light most favorable to the State.

¶6 We review a *Knapstad* motion de novo. We give, then, no deference to the trial court's ruling. The question is one of law. And the question is whether the State has shown facts that satisfy the elements of the crime charged when we view those facts in a light most favorable to the State. *State v. Stinton*, 121 Wn. App. 569, 572, 89 P.3d 717 (2004); *State v. Jackson*, 82 Wn. App. 594, 607-08, 918 P.2d 945 (1996). Our review of this order does not require that we decide whose version of the events is correct. *Stinton*, 121 Wn. App. at 572-73 (quoting *State v. Groom*, 133 Wn.2d 679, 693, 947 P.2d 240 (1997)). The only question is whether the State has made out a prima facie case. *Id.* (quoting *Groom*, 133 Wn.2d at 693).

¶7 This standard implicates the burden of production: has the State produced enough evidence to support the elements of the crime? "Substantial evidence" is the test for the burden of production. *State v. Dolan*, 118 Wn. App. 323, 331, 73 P.3d 1011 (2003) (quoting *State v. Huff*, 64 Wn. App. 641, 655, 826 P.2d 698 (1992)). "Beyond a reasonable doubt" describes a burden of persuasion in a criminal case. *Id.* (quoting *Huff*, 64 Wn. App. at 655). We pass on whether the burden of production has been met, as the trial judge did here. *Id.* And some trier of fact may ultimately pass on how persuasive the showing is (burden of persuasion). *Id.*

¶8 The trial court must dismiss a criminal prosecution if the State's evidence does not support a prima facie case. *Knapstad*, 107 Wn.2d at 352-56. A so-called *Knapstad* motion is appropriate if there are no material disputed facts and the facts do not establish a prima facie case of guilt.

*State v. Dunn*, 82 Wn. App. 122, 125, 916 P.2d 952 (1996); *Knapstad*, 107 Wn.2d at 356.

¶9 We view the evidence and the reasonable inferences from that evidence in the light most favorable to the State when passing on a *Knapstad* motion. *Jackson*, 82 Wn. App. at 608.

¶10 To make out a case of bribery, the State must show that the accused conferred or offered to confer a benefit (1) on a person about to be called in any official proceeding or (2) on a person who may have information relevant to a criminal investigation. RCW 9A.72.090(1). The State must also show an intent to influence testimony, to induce someone not to testify, or to "[i]nduce that person to refrain from reporting information relevant to a criminal investigation." RCW 9A.72.090(1)(d).

¶11 Here, there was no pending proceeding or investigation. Indeed, Mr. Henjum was trying to do what he could to forestall an investigation and any proceeding. Mr. Henjum did not then offer or confer any benefit upon a person about to be called in an official proceeding. RCW 9A.72.090(1). And Mr. Henjum could not have offered or conferred a benefit upon a person who may have information relevant to "a criminal investigation." *Id.*

¶12 The trial judge's comments are also insightful. The offer of a " 'damaged and half submerged' boat by a highly intoxicated individual" would not be an advantage or a gain as required by the statute for the finding of bribery. Clerk's Papers at 41. We agree. The requirement of some intent is not satisfied by a highly intoxicated man offering a sinking boat to bystanders when neither a criminal investigation nor an official proceeding had begun. No investigation was pending. No testimony was called for.

¶13 We affirm the trial judge's dismissal of this bribery charge.

SCHULTHEIS and KATO, JJ., concur.