218 P.3d 647 (2009)
STATE of Washington, Respondent,
v.
Steven Donald Tracy DEVITT, Appellant.
No. 27577-9-III.
Court of Appeals of Washington, Division 3, Panel Six.
November 3, 2009.
Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.
Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Andrew J. Metts, Spokane County Pros Offc, Spokane, WA, for Respondent.

OPINION PUBLISHED IN PART
SWEENEY, J.
¶ 1 Residential burglary requires a showing that a defendant entered or remained in some dwelling with the intent to commit a crime against a person or property in that dwelling. Here, the defendant entered an apartment through an unlocked door to avoid police who were chasing him. He visited with the woman in the apartment. She served him ice tea. She later told police that the man they were looking for was in her apartment and police arrested him. The trial court concluded that obstructing a law enforcement officer was a sufficient predicate crime for residential burglary and refused to dismiss that count at the close of the State's case. We conclude this was error, and we reverse and dismiss the charge of residential burglary.

FACTS
¶ 2 Police suspected that Steven Devitt stole a car that was later involved in a hit-and-run accident. They saw him about a mile from where the report was made. And Mr. Devitt saw them and took off running. He went to an apartment complex and entered the apartment of Debbie Zavala through an unlocked sliding screen door. Mr. Devitt walked in and asked Ms. Zavala for a glass of water.
¶ 3 Ms. Zavala served him a glass of ice tea and talked to him. Mr. Devitt talked about his children and how he was running away from police because he was involved with a vehicle theft. He made a telephone call with Ms. Zavala's permission. Ms. Zavala did not fear for her safety during the encounter, and she did not fear that the man would steal any of her belongings. She left the apartment to carry trash to a dumpster. Once outside, she told police that the man they were looking for was in her apartment. Ms. Zavala returned to her apartment and opened the front door for the police. Mr. Devitt first hid under a kitchen table and then fled to Ms. Zavala's bathroom when police entered the apartment. They arrested him.
¶ 4 The State charged Mr. Devitt with residential burglary, obstructing a law enforcement officer, and resisting arrest. The State also charged Mr. Devitt with first degree criminal trespass as an alternative to the residential burglary count.
¶ 5 Mr. Devitt moved to dismiss the residential burglary charge at the close of the *648 State's case. He argued that the State did not show that he intended to commit a crime against a person or property inside the residence and this is an essential element of burglary. The court concluded that obstructing a law enforcement officer was an adequate predicate for burglary and denied the motion.
¶ 6 The jury found Mr. Devitt guilty of residential burglary, obstructing a police officer, and resisting arrest.

DISCUSSION
¶ 7 Mr. Devitt contends here, as he did in the trial court, that the State did not show that he intended to commit a crime against any person or property inside Ms. Zavala's apartment. See RCW 9A.52.025(1) (defining residential burglary as entering or remaining unlawfully in a dwelling other than a vehicle with intent to commit a crime against a person or property therein). And the State was required to prove both unlawful presence and criminal intent. State v. Allen, 127 Wash.App. 125, 137, 110 P.3d 849 (2005). He argues that neither obstructing a law enforcement officer nor resisting arrest qualifies as a crime against a person for purposes of residential burglary. To support that argument, he brings our attention to section 9.94A.411(2)(a) of the Sentencing Reform Act of 1981, ch. 9.94A RCW, which advises prosecutors of the standards to apply when deciding whether to prosecute different types of crimes. The table categorizing crimes for prosecuting standards does not characterize either crime as a crime against a person. RCW 9.94A.411 (2)(a) (table).
¶ 8 The State responds that there was adequate evidence for the jury to conclude that Mr. Devitt intended to obstruct police by hiding in Ms. Zavala's apartment. So "[t]aking all of the State's testimony and evidence as true and correct and resolving all inferences in favor of the State, there was clear proof to support the jury's verdict." Br. of Resp't at 7; see State v. Joy, 121 Wash.2d 333, 339, 851 P.2d 654 (1993).
¶ 9 Residential burglary requires a showing of unlawful entry into a dwelling and intent to commit a crime against a person or property in the dwelling. RCW 9A.52.025(1). So the State was required to prove two elements: (1) that Mr. Devitt entered or remained unlawfully in Ms. Zavala's apartment, and (2) that Mr. Devitt intended to commit a crime against a person or property in that apartment. State v. J.P., 130 Wash.App. 887, 892, 125 P.3d 215 (2005). Mr. Devitt challenges the sufficiency of the evidence to support the second element.
¶ 10 The question before us, then, is whether Mr. Devitt's conduct hererunning from police to avoid capture and entering and remaining in Ms. Zavala's apartmentis sufficient to support the elements of the crime of residential burglary. Or, said another way, whether obstructing police satisfies the second element of residential burglary. So framed, the question is a question of law that we will review de novo. State v. Henjum, 136 Wash.App. 807, 810, 150 P.3d 1170 (2007). Mr. Devitt, of course, "admits the truth of the State's evidence and all inferences that can reasonably be drawn from that evidence." State v. Gentry, 125 Wash.2d 570, 597, 888 P.2d 1105 (1995).
¶ 11 Mr. Devitt contends that the State's position that his intent to obstruct police satisfies the second element of residential burglary is untenable because obstructing a law enforcement officer is a public crime (a crime against the government), not a crime against a person or property. See State v. White, 97 Wash.2d 92, 97, 640 P.2d 1061 (1982) (the statute prohibiting obstructing a public servant protects law enforcement's ability to prevent and detect crime). The State responds that evidence supported the jury's conclusion that Mr. Devitt intended to obstruct police by hiding in Ms. Zavala's apartment. Inherent in the State's argument is the contention that intending to obstruct a law enforcement officer satisfies the second element of residential burglary.
¶ 12 The words in the statute require a specific crime (a crime against a person or property) in a specific place (therein) and with a specific intent (enter or remain with the intent to commit a crime therein). RCW 9A.52.025(1). The statute then requires more than just a simple showing of an intent to commit a crime.
*649 ¶ 13 The State nonetheless urges that obstructing a law enforcement officer satisfies the "intent to commit a crime" requirement in RCW 9A.52.025(1). But the State cites no authority for its assertion that obstructing a law enforcement officer is a crime against a person. And Mr. Devitt points out that where crimes against a person are listed in the sentencing reform act, obstructing a law enforcement officer is not included. RCW 9.94A.411(2). Nor is it listed as a crime against property. Id. Indeed, the Washington Practice series treats obstructing a law enforcement officer together with three other statutes in the same chapter, titled "Obstructing Governmental Operation." 13A Seth A. Fine & Douglas J. Ende, Washington Practice: Criminal Law, ch. 18, § 1803 (2d ed.1998).
¶ 14 The "therein" requirement in the residential burglary statute also suggests that intent to obstruct a law enforcement officer does not satisfy the criminal intent element. There was no law enforcement officer in Ms. Zavala's apartment when Mr. Devitt entered. Indeed, their arrival at the apartment was a surprise to Mr. Devitt. See Report of Proceedings at 68, 93, 99-100, 142. We conclude then on these facts (looked at in a light most favorable to the State) that the State has failed to show that Mr. Devitt entered Ms. Zavala's apartment with the intent to commit a crime therein. RCW 9A.52.025(1).
¶ 15 Even were we to accept the notion that obstructing a law enforcement officer is a crime against a person, the person it is against is the officer. Mr. Devitt would then have had to enter or remain in Ms. Zavala's apartment with the intent of committing a crime against the officer who would have had to be "therein." That did not happen here.
¶ 16 We conclude that the State's evidence does not support the elements of residential burglary, as a matter of law, and we therefore dismiss the prosecution for that charge. See State v. Hickman, 135 Wash.2d 97, 103, 954 P.2d 900 (1998) (dismissal with prejudice required where there is insufficient evidence of an element for which the State has the burden of proof).
¶ 17 We reverse and dismiss Mr. Devitt's conviction for residential burglary.
¶ 18 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.
WE CONCUR: SCHULTHEIS, C.J., and KULIK, J.