IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31908-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROMAN S. BUSEV, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury convicted Roman Busev of second degree burglary for entering the Pasco Walmart store in violation of a court order. On appeal, Busev argues that the trial court violated the separation of powers doctrine when it allowed the jury to find unlawful entry, an element of burglary, based on violation of an earlier court order. He also argues that the State did not prove the crime because Walmart never excluded him from the premises and the exclusion from the premises by the premises owner or occupier, rather than a court order, is essential for a conviction. We disagree with both contentions and affirm the conviction.

## FACTS

On April 29, 2011, Roman Busev pled guilty, in Pasco Municipal Court, to shoplifting. The judgment imposed a jail sentence of 364 days, with credit for 64 days served and the remaining 300 days suspended. The sentence included a probation term of two years and required that, as a condition of probation and suspended jail time, Busev not enter any Walmart. The sentence read: "Stay out of Walmart." Exhibit (Ex.) at 1. Presumably the Pasco charges related to conduct in the Pasco Walmart store.

On September 27, 2012, Roman Busev entered the Pasco Walmart store. Busev pulled a bottle of liquor from the store's shelf and exited the store without paying for the bottle. A Walmart employee phoned the Pasco Police Department, and a member of the department arrested Busev for shoplifting.

## PROCEDURE

The State of Washington charged Roman Busev with second degree burglary in violation of RCW 9A.52.030. On the day of trial, Busev moved in limine to exclude the April 2011 Pasco Municipal Court judgment and sentence. Busev argued that his entering the Walmart store on September 27, 2012 constituted a probation violation, but did not support a burglary charge. He argued that Walmart had never disinvited him from the store and the lack of consent of the building owner, not the State's or the court's lack of consent, drives the burglary statute's definition of a person who is not licensed, invited or otherwise privileged to enter the store.

2

The trial court concluded that the motion in limine constituted a motion to dismiss and thus was untimely. The trial court denied the motion. The trial court admitted the April 2011 judgment and sentence as exhibit 1 during trial.

During trial, a Walmart employee testified that anyone subject to a court order precluding him from entry of a Walmart store would not be welcome in the store. After the State rested its case, Roman Busev moved to dismiss on the ground that the April 2011 judgment and sentence was insufficient to show Busev entered Walmart unlawfully. The trial court denied the motion to dismiss.

The trial court instructed the jury that:

> To convict the defendant of the crime of burglary in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about September 27, 2012, the defendant entered or remained unlawfully in a building;
> (2) That the entering or remaining was with intent to commit a crime against a person or property therein; and
> (3) That this act occurred in the State of Washington.

Clerk's Papers (CP) at 28. The court also instructed the jury:

> A person enters or remains unlawfully in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain.

CP at 29. No jury instruction referenced the Pasco Municipal Court order precluding Roman Busev from entering a Walmart. The jury found Busev guilty of burglary in the second degree.

3

## LAW AND ANALYSIS

Roman Busev identifies only one issue on appeal: whether the trial court violated the separation of powers doctrine when it allowed the jury to find unlawful entry based on Busev's violation of an earlier court order. Nevertheless, he conflates this argument with argument on a distinct issue: whether the State presented sufficient evidence to convict him of the crime of burglary when it presented evidence of a court order of exclusion from Walmart but no evidence that Walmart disinvited him from the store. We address the two issues separately.

We avoid deciding constitutional questions when a case may be fairly resolved on other grounds. *Cmty. Telecable of Seattle, Inc. v. City of Seattle, Dep't of Exec. Admin.*, 164 Wn.2d 35, 41, 186 P.3d 1032 (2008). Therefore, we address Roman Busev's sufficiency of evidence argument first.

### Sufficiency of Evidence

Roman Busev does not expressly argue that the State presented insufficient evidence to convict him of second degree burglary. Nor does he list insufficiency of evidence as one of the issues on appeal. Nevertheless, Busev impliedly forwards this argument when he contends violation of a court order does not constitute a predicate act involving unlawful entry into a building and assigns error to the trial court's refusal to grant his motion to dismiss. Because Busev raised the argument below, because the argument falls within other arguments asserted on appeal, because the State responded to

4

the argument, and because Busev cites authority in support of this contention, we address the argument anyway. This court will reach the merits of an issue if the issue is reasonably clear from the brief, the opposing party has not been prejudiced, and this court has not been overly inconvenienced. *State v. Grimes*, 92 Wn. App. 973, 978, 966 P.2d 394 (1998).

Under RCW 9.94A.700(5)(e), the legislature has authorized the trial court to impose crime-related prohibitions. *State v. Zimmer*, 146 Wn. App. 405, 413, 190 P.3d 121 (2008). The Pasco Municipal Court presumably exercised this authority when it revoked, in April 2011, Roman Busev's privilege to enter Walmart. The State presented no evidence that Walmart informed Roman Busev that he was unwelcome at its store. We must decide if the court order suffices to convict Busev of second degree burglary.

A person commits second degree burglary

> if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling.

RCW 9A.52.030(1). Elsewhere "unlawful entry" or "remain[ing]" in a building is circumscribed as:

> A person "enters or remains unlawfully" in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain.

RCW 9A.52.010(5). The latter statute does not expressly define unlawful entry as including the violation of a court order. The definition of unlawful entry applies to first

5

degree burglary and residential burglary in addition to second degree burglary. RCW 9A.52.020 and .025.

Burglary has two elements: (1) the accused enters or remains unlawfully in a dwelling other than a vehicle with (2) an intent to commit a crime against a person or property therein. *State v. Steinbach*, 101 Wn.2d 460, 462, 679 P.2d 369 (1984); *State v. Stinton*, 121 Wn. App. 569, 573, 89 P.3d 717 (2004); *State v. McDaniels*, 39 Wn. App. 236, 239, 692 P.2d 894 (1984). The State's evidence must independently satisfy each element. *State v. Stinton*, 121 Wn. App. at 573.

Roman Busev impliedly concedes the second element of the crime. He entered the Walmart store with intent to steal liquor, and thus theft serves as the predicate crime. He argues the State did not satisfy the first element of the crime since he did not enter the store unlawfully.

To establish an unlawful entry, the State must introduce evidence the entrant was not then licensed, invited, or otherwise privileged to so enter or remain. *State v. Kilponen*, 47 Wn. App. 912, 918, 737 P.2d 1024 (1987). Walmart is a retail store open to the public. A lawful entry of a store, even one accompanied by nefarious intent, is not by itself a burglary. *State v. Allen*, 127 Wn. App. 125, 137, 110 P.3d 849 (2005).

> [A] person whose license, invitation, or privilege to enter or remain in a retail establishment has never been withdrawn and who enters the store through a public entrance while the store is open for business is licensed, invited, or otherwise privileged to enter or remain, even if he intends from the start to shoplift or forms that intent while inside the store.

6

*State v. Klimes*, 117 Wn. App. 758, 760, 73 P.3d 416 (2003), *disapproved on other grounds by Allen*, 127 Wn. App. 125. Nevertheless, a store owner's notice to an individual that the individual is banned from the store leads to an unlawful entry if the individual returns. *State v. Kutch*, 90 Wn. App. 244, 249, 951 P.2d 1139 (1998).

The parties focus attention on two decisions addressing convictions for burglary: *State v. Stinton*, 121 Wn. App. 569 and *State v. Wilson*, 136 Wn. App. 596, 150 P.3d 144 (2007). *State v. Stinton* supports the State's position, but only to a limited extent. The court held that violation of a protection order provision can serve as the predicate crime for residential burglary. In other words, violation of a court order satisfies element two of the crime. Matthew Stinton conceded the unlawful entry element of the crime, so this court did not analyze whether violation of a court order suffices for element one of burglary.

Roman Busev distinguishes *State v. Stinton* on the ground that violating a no-contact order is a crime, RCW 9A.46.080, whereas violating a community custody condition is not a criminal offense. RCW 9.94A.737. This difference is important when addressing the intent to commit a crime element of burglary. Nevertheless, the element of unlawful entry does not require that entry be criminal. An entry that "is not then licensed, invited, or otherwise privileged" suffices under RCW 9A.52.010(5).

7

In *State v. Wilson*, 136 Wn. App. 596, this court affirmed the trial court's dismissal of burglary charges against Gregory Wilson. A district court entered an order prohibiting Wilson from contact with his girlfriend. The order listed the girlfriend's address, but did not prohibit Wilson's presence at that address. Wilson entered the residence and assaulted his girlfriend. We held that, although Wilson's conduct inside the home was unlawful, his act of entering and remaining inside the residence was not unlawful since the order did not exclude him from the residence. In so holding, we wrote language favorable to Roman Busev:

> It is the consent, or lack of consent, of the residence possessor, not the State's or court's consent or lack of consent, that drives the burglary statute's definition of a person who 'is not licensed, invited, or otherwise privileged to do so enter or remain' in a building. Here, [the girlfriend]. . . , not the State, occupied the . . . residence.

*State v. Wilson*, *136* Wn. App. at 609 (citations omitted).

The controlling decision is not *Wilson* or *Stinton*, but *State v. Sanchez*, 166 Wn. App. 304, 271 P.3d 264 (2012). As part of a felony conviction, the superior court entered a domestic violence order against Eliseo Sanchez. The order banned Sanchez from the residence and place of work of his former wife. After a one year absence, Sanchez returned to the home. His ex-wife reluctantly consented to Sanchez' occupation of the home, and during a week's occupation the former couple engaged in consensual sex. On one afternoon, Sanchez forcibly raped his former wife. The State charged him with

8

residential burglary, among other crimes. The trial court dismissed the burglary charge because the past wife consented to Sanchez' return to the home.

In *State v. Sanchez*, this court reversed the dismissal of the burglary charge. We noted that only a judge may alter a court order and Sanchez could not reasonably rely on his ex-wife's decision to countermand the order.

Eliseo Sanchez argued, on appeal, that language in *State v. Wilson* compelled dismissal of the burglary charged. He emphasized the language in *Wilson* that the owner's consent or lack thereof, not the State's consent or lack thereof, controls whether the accused entered the premises lawfully. We observed that the holding in *Wilson* is based primarily on the fact that the restraining order did not preclude the accused from entering the home. The order against Sanchez expressly barred him from his ex-wife's home. The *Wilson* court acknowledged that the restraining order could have excluded Gregory Wilson from the residence. *Sanchez* held that the property possessor may not trump an order of the court. A court may determine who, for purposes of a burglary charge, can be lawfully on the property.

Another decision supports our conclusion. In *State v. Kilponen*, 47 Wn. App. 912 (1987), a restraining order excluded Gerald Kilponen from the family home. The court upheld a conviction of first degree burglary based on the court order.

9

We note that a Walmart employee testified that, with the court order, Roman Busev would no longer be welcome inside a Walmart store. We do not address whether this evidence alone could be sufficient to uphold the conviction.

## Separation of Powers

To repeat, a person "'enters or remains unlawfully' in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(5). The statute does not expressly define unlawful entry as including the violation of a court order. Therefore, Roman Busev argues the judiciary may not define the elements of a crime and the trial court's defining unlawful entry as violation of a court order usurps the legislature's power. Busev emphasizes that the legislature possesses the prerogative to define the elements of a crime. *State v. Wadsworth*, 139 Wn.2d 724, 734, 991 P.2d 80 (2000).

Roman Busev's argument is based on the false assumption that the trial court defined unlawful entry as including a violation of a court order. No jury instruction informed the jury that a court order precluding one from entry of premises could form the basis for an unlawful entry when one enters the building. Roman Busev's jury was free to determine whether or not violation of the Pasco Municipal Court order by Busev constituted unlawful entry.

One of the fundamental principles of the American constitutional system is that the governmental powers are divided among three departments, the legislative, the

10

executive, and the judicial, and that each is separate from the other. *State v. Osloond*, 60 Wn. App. 584, 587, 805 P.2d 263 (1991). Washington's constitution, much like the federal constitution, does not contain a formal separation of powers clause. *Osloond*, 60 Wn. App. at 587. Nonetheless, the very division of our government into different branches has been presumed throughout our state's history to give rise to a vital separation of powers doctrine. *In re the Salary of the Juvenile Director*, 87 Wn.2d 232, 238-40, 552 P.2d 163 (1976); *Osloond*, 60 Wn. App. at 587. Washington Constitution article II establishes the legislative branch, article III establishes the executive branch, and article IV establishes an independent judiciary.

The validity of the doctrine of separation of powers does not depend on the branches of government being hermetically sealed off from one another. *Carrick v. Locke*, 125 Wn.2d 129, 135, 882 P.2d 173 (1994). The different branches must remain partially intertwined if for no other reason than to maintain an effective system of checks and balances, as well as an effective government. *In re the Salary of the Juvenile Director*, 87 Wn.2d at 239-40. The doctrine serves mainly to ensure that the fundamental functions of each branch remain inviolate. *Carrick v. Locke*, 125 Wn.2d at 135.

The separation of powers doctrine is grounded in flexibility and practicality and rarely will offer a definitive boundary beyond which one branch may not tread. *In re the Salary of the Juvenile Director*, 87 Wn.2d at 240. The question to be asked is not whether two branches of government engage in coinciding activities, but rather whether

11

the activity of one branch threatens the independence or integrity or invades the prerogatives of another. *Zylstra v. Piva*, 85 Wn.2d 743, 750, 539 P.2d 823 (1975). In cases specifically involving the judicial branch, our Supreme Court has expressed vigilance against the judicial branch being assigned or allowed tasks more properly accomplished by other branches. *Carrick v. Locke*, 125 Wn.2d at 136.

Roman Busev argues that, since the legislature did not expressly state that violation of a court order qualified as an unlawful entry, a court cannot allow a jury to convict one of burglary by reason of violating a court order. He forwards no case that holds or remotely suggests that a trial court violates the separation of powers under the circumstances presented. Under Busev's argument, many, if not most, manners, modes and methods of unlawful entry could avoid prosecution because the legislature did not expressly declare them to be unlawful.

In the case on appeal, the trial court did not define a crime in conflict with any state statute. The trial court did not create law. The trial court instead fulfilled its traditional role of identifying the applicable law for the facts of the case and instructing the jury as to the law. The trial court did not direct the jury to declare Busev guilty by reason of his violating the court order. It did not impinge or impose on the independence and integrity of the legislature.

## CONCLUSION

We affirm the judgment of guilt against Roman Busev for second degree burglary.

12

No. 31908-3-III
*State v. Busev*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Brown, A.C.J.                                              Lawrence-Berrey, J.